UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRIAN L. POSLEY, SR. | ) | |
| | ) | |
|    *A.K.A.* BRIAN POSLEY | ) | |
| | ) | |
| v. | ) | 1:12-cv-47/1:11-cr-17 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

     Brian L. Posley, Sr., *a.k.a.* Brian Posley ("Posley") filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 210).[1] Posley did not raise any claims attacking his conviction or sentence. Rather, he complained about his lack of medical care, his conditions of confinement, and requested the Court to modify his sentence based on his medical condition and to enable him to care for his family.

     Because Posley did not raise a single claim attacking his conviction or sentence or set forth any specific facts to support a claim, in violation of Rule 2 of the Rules Governing Section 2255 Proceeding for the United States District Courts, the Court concluded Posley's § 2255 motion was insufficient to raise an issue for review and invited Posley to file an amended § 2255 motion which complied with Rule 2 within thirty days from the date of the Court's Order.[2] The Court's August

---

    [1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

    [2]     Because the Court discerned Posely was claiming, *inter alia*, he was denied medical care, the Clerk was directed to send him a civil rights form complaint. In addition, to the extent Posley was requesting the Court to modify his sentence under 18 U.S.C. § 3582(c), which permits modifications only upon motion of the Bureau of Prisons ("BOP"), his motion was denied as the BOP had not filed a motion. Lastly, the Court denied relief to modify his sentence under any other section of 18 U.S.C. § 3582 for failure to demonstrate any of the other exceptions were present in his case.

17, 2012, Order specifically directed Posley to file an amended motion or show cause why his § 2255 motion should not be dismissed (Criminal Court File No. 248). The Order also forewarned Posley that his failure to file an amended § 2255 motion would result in the dismissal of his § 2255 motion (Criminal Court File No. 248).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides for involuntary dismissal for failure to prosecute or comply with a court order. Posley has failed to return a sufficient motion or file any type of response to the Court's order. Therefore, this action will be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for failure to comply with the orders of this Court and this case will be closed .[3] Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because it appears that Posley intended to file a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), which the Court denied in its previous Order, rather than a § 2255 motion since the motion did not contain a single claim attacking his conviction or sentence, and it appears that his one year statute of limitations for filing a § 2255 motion will not expire for another few weeks, the Court generously will dismiss the motion without prejudice.

2